UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEANNE M. THOMAS-JOSEPH, and family,

    Plaintiff,

v.   Case No.:   2:19-cv-765-FtM-29MRM

UNITED STATES OF AMERICA ADMINISTRATIONS, STATE OF FLORIDA, LEE COUNTY BOCC & ADMINISTRATION and CITY OF FORT MYERS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are two Applications to Proceed in District Court Without Prepaying Fees or Costs, which the Undersigned construes as motions for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07.  (*See* Docs. 10, 11).  On December 3, 2019, the Undersigned entered an Order requiring Plaintiffs in this action to each separately complete the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).  (Doc. 9).  Specifically, the Undersigned found that while Plaintiff Joeanne M. Thomas-Joseph sought to bring this action on behalf of herself "and family and interested parties," the first IFP application (Doc. 2) "did not provide sufficient information to allow the Court to determine whether all putative Plaintiffs are, in fact, paupers."  (Doc. 9 at 1-2).

Plaintiffs have failed to provide this information in their subsequent filings.  For example, while there are now two IFP applications before the Court, both only discuss the financial circumstances of Plaintiff Thomas-Joseph and only her signature appears on both applications.

(*See* Docs. 10, 11).  Moreover, the first IFP application represents that Plaintiff Thomas-Joseph does not have any "persons who are dependent on [her] for support," (Doc. 10 at 2), but the second IFP application states that she has two sons—JNRJ and JATJ—who depend on her for housing (Doc. 11 at 2).  While the Undersigned assumes the second application (Doc. 11) is purportedly made on behalf of Plaintiff Thomas-Joseph's sons, the lack of any information discussing their financial status whatsoever and conflicting information contained in the filings causes the Undersigned to recommend the applications be denied.

More important, however, is Plaintiff Thomas-Joseph's Second Amended Complaint. (*See* Doc. 12).  The Undersigned's prior Order also identified several procedural and substantive deficiencies with Plaintiff's Amended Pleading (Doc. 8).  Relevantly, and among other things, the Order found Plaintiff's Amended Complaint:  (1) frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i); (2) failed to state any valid claim under any theory upon which relief may be granted against any Defendant; (3) asserted factual allegations that are incredibly difficult to follow or understand; and (4) constituted an impermissible shotgun pleading replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  (Doc. 9 at 5-6).

Here, a careful review of Plaintiff's Second Amended Complaint shows that it suffers from the same deficiencies.  It includes frivolous factual allegations (Doc. 12 at 2), is presented in a stream of consciousness manner that is incredibly difficult to follow or understand (*see*, *e.g.*, *id*. at 4), and continues to bear all the characteristics of a typical shotgun pleading (*see*, *e.g.*, *id*. at 9).  Because Plaintiffs have failed to comply with the Undersigned's prior Order and because the Second Amended Complaint suffers from the same issues as the Amended Complaint, the

Undersigned recommends that Plaintiffs' IFP applications be denied and that this action be dismissed.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Applications to Proceed in District Court Without Prepaying Fees or Costs (Docs. 10, 11), construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07, be **DENIED**; and

2. This action be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on April 16, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties